UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE (P.T.L.), an individual | CIVIL ACTION |
| VERSUS | NO. 25-1812 |
| CHOICE HOTELS INTERNATIONAL, INC., *et al.* | SECTION M (3) |

## **ORDER & REASONS**

Before the Court is the motion of defendants Choice Hotels International, Inc. and Choice Hotels International Services Corp. (together, "Choice") to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), beneficiary claim brought against them in plaintiff's first amended complaint.[1] Plaintiff Jane Doe (P.T.L.) ("Plaintiff") responds in opposition,[2] and Choice replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion and dismissing with prejudice Plaintiff's TVPRA beneficiary claim against Choice.

On November 25, 2025, this Court granted Choice's Rule 12(b)(6) motion to dismiss the original complaint as to Plaintiff's TVPRA beneficiary claim.[4] In ruling on that motion, this Court followed *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), and determined that "[t]o state a civil beneficiary claim under the TVPRA, 'a plaintiff must plausibly allege that the defendant (1) knowingly benefited (2) from taking part in a common undertaking or enterprise

---

[1] R. Doc. 79 (citing R. Doc. 78).
[2] R. Doc. 80.
[3] R. Doc. 83.
[4] R. Doc. 77 at 13-16, 19. The Court denied the motion as to Plaintiff's vicarious liability claim against Choice. *Id.* at 17-19.

involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.'"[5]  Applying that standard and comparing the facts of this case to a continuum of similar cases, the Court held that Plaintiff's allegations that Choice received a financial benefit from her sex trafficker's room rentals and from collecting real-time guest information were insufficient to plausibly allege that Choice "participated in a venture" with the sex trafficker.[6]  The Court pointed out that Plaintiff's allegations that the franchisee's employees saw "red flags" of sex trafficking were insufficient to plausibly establish that Choice actively participated in the sex-trafficking venture.[7]  The Court also held that Plaintiff's allegations that Choice knew about sex trafficking in the hotel industry and that it monitored the subject hotel were too general to plausibly allege the knowledge element.[8]  Plaintiff was given leave to amend the complaint to cure the noted pleading deficiencies.[9]

On December 9, 2025, Plaintiff filed her first amended complaint, which added allegations pertaining to what the franchisee's employees supposedly saw or knew about her being trafficked at the subject hotel.[10]  Choice filed the instant motion to dismiss, urging that none of the new factual allegations pertain to the "participation in a venture" or knowledge elements of a TVPRA beneficiary claim, which the Court previously found to be lacking.[11]  In opposition, Plaintiff argues that the elements of a TVPRA beneficiary claim require a fact-intensive inquiry and this Court should allow the claim to proceed through discovery because Choice will remain in the case

---

[5] *Id.* at 14 (quoting *Doe #1*, 21 F.4th at 719).
[6] *Id.* at 14-15.
[7] *Id.* at 14.
[8] *Id.* at 15-16.
[9] *Id.* at 19.
[10] R. Doc. 78 at 25-26.
[11] R. Doc. 79.  Choice also argues that Plaintiff fails to plead a cognizable venture and that the majority of her TVPRA claim is time-barred.  *Id.*  This Court need not reach those arguments because it finds that Plaintiff's first amended complaint does not cure the pleading deficiencies previously identified.

as a defendant to her vicarious liability claim.[12]  Choice replies, reurging that Plaintiff has not sufficiently pleaded a TVPRA beneficiary claim against it, and asserting that Plaintiff's opposition memorandum does not address the fundamental problems with her amended complaint but instead asks the Court to ignore the Rule 12(b)(6) standard.[13]

Considering the parties memoranda, the record, and the applicable law, the Court finds that Plaintiff's first amended complaint does not cure the pleading deficiencies noted in the Court's prior Order & Reasons.  Indeed, Plaintiff alleges no additional facts pertaining to Choice.  Thus, this Court again holds that Plaintiff fails to plausibly allege that Choice participated in the sex-trafficking venture or that it had actual or constructive knowledge of the alleged sex trafficking at the subject hotel.  Because Plaintiff has been given two chances to allege her best case and further amendment would be futile, Plaintiff's TVPRA beneficiary claim against Choice must be dismissed with prejudice.  *See Washington v. Weaver*, 2008 WL 4948612, at *3 (5th Cir. Nov. 20, 2008) (stating that dismissal with prejudice is appropriate where amendment would be futile or the plaintiff has alleged his best case).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Choice's Rule 12(b)(6) motion to dismiss the TVPRA beneficiary claim in Plaintiff's first amended complaint is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of January, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[12] R. Doc. 80.
[13] R. Doc. 83.