**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JANE DOE (P.T.L.), AN INDIVIDUAL

V.

CHOICE HOTELS INTERNATIONAL,
INC., ET AL.

CIVIL ACTION NO. 2:25-cv-01812

JUDGE: BARRY W. ASHE

MAGISTRATE JUDGE: DONNA
PHILLIPS CURRAULT

JURY TRIAL DEMANDED

**DEFENDANTS CHOICE HOTELS INTERNATIONAL, INC.**
**AND CHOICE HOTELS SERVICES CORP.'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendants Choice Hotels International, Inc. and Choice Hotels International Services Corp. ("Choice") answer the First Amended Complaint (the "Complaint") of Plaintiff Jane Doe (P.T.L.) ("Plaintiff"), (Doc. No. 78), as follows:

**CHOICE'S PRELIMINARY STATEMENT**

Except to the extent expressly admitted herein, Choice denies each and every allegation of Plaintiff's Complaint, including any allegations contained in footnotes or its headings, which are copied herein solely for ease of reference. With respect to any purported document cited to or quoted from in the Complaint, by providing its answer here, Choice does not admit that the document is accurate, relevant, or admissible in this action, and Choice reserves all objections regarding admissibility. Plaintiff's TVPRA beneficiary claim against Choice has been dismissed with prejudice and remains dismissed pursuant to the Court's Order. With respect to the specific paragraphs of the Complaint, Choice responds as follows.

**SUMMARY**

1.      The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied. Choice also specifically denies the allegations in this Paragraph stating that Choice "owned, operated, maintained, and controlled" the Tams of Kenner, Inc. D/b/a Sleep Inn ("Sleep Inn®") as well as use of the phrase "agents and employees." Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

2.      The allegations in this Paragraph and associated footnote reference statutes, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

3.      The allegations in this Paragraph and associated footnote reference online resources, the language of those materials speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute

2

legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

4.      The allegations in this Paragraph and associated footnotes reference online resources, the language of those materials speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

5.      The allegations in this Paragraph and associated footnote reference a statute, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

6.      The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no

response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

7.       The allegations in this Paragraph and reference a statute, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

8.       The allegations in this Paragraph and reference a statute, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

9.       The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

10.      The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

Choice also specifically denies the allegations in this Paragraph characterizing the Sleep Inn® as "[Choice's] hotel." Choice states that it did not own, manage, or operate the Sleep Inn®.

## PARTIES

11.     The allegations in this Paragraph constitute legal argument, to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

12.     The allegations in this Paragraph reference a statute, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

13.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice denies the allegations in this Paragraph.

14.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, Choice Hotels International, Inc. admits that its

5

corporate offices are located in North Bethesda, Maryland. Choice Hotels International, Inc. further admits it is a Delaware corporation with its headquarters in North Bethesda, Maryland.

15.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, Choice Hotels International Services Corp. admits that its corporate offices are located in North Bethesda, Maryland. Choice Hotels International Services Corp. further admits it is a Delaware corporation with its headquarters in North Bethesda, Maryland.

16.     The allegations in this Paragraph constitute argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

17.      The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations in this Paragraph stating that Choice "owned, operated, controlled, and/or maintained the Sleep Inn®." Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

18.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice denies the allegations in this Paragraph.

6

19.     The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice denies the allegations in this Paragraph.

## JURISDICTION AND VENUE

20.     The allegations in this Paragraph reference a statute and the language of the statute speaks for itself. The allegations in this Paragraph also constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required.

21.     The allegations in this Paragraph reference a statute and the language of the statute speaks for itself. The allegations in this Paragraph also constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required.

## PLAINTIFF'S STATEMENT OF FACTS

### I.     Plaintiff's Allegations Regarding the Sleep Inn®

22.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed at Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

23.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed at Choice and a

7

response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

24.    The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed at Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

25.    The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed at Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

26.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Paragraph are denied.

27.    The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed at Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

## II.    Plaintiff's Allegations Regarding the Hotel Industry

28.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Paragraph are denied.

29.    The allegations in this Paragraph and associated footnotes reference articles, blog posts, and online resources from various websites, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

30.    The allegations in this Paragraph and associated footnote reference online resources from various websites, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. To the extent a response is required, the allegations in this Paragraph are denied.

31.    The allegations in this Paragraph and associated footnote reference online resources from various websites, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

4932-1172-4685v1
2138837-000166 02/05/2026

32.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Paragraph are denied.

a.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

b.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

4932-1172-4685v1
2138837-000166 02/05/2026

f.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

g.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

h.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

i.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

j.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

k.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument,

11

therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

l.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

m.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

n.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

o.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

p.  The allegations in this Subparagraph and associated footnote reference online resources from various websites, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no

4932-1172-4685v1
2138837-000166 02/05/2026

response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

33.     The allegations in this Paragraph and associated footnote reference online resources from a website, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice denied the allegations in this Paragraph.

34.     The allegations in this Paragraph and associated footnote reference a report and an article from a website, the language of those materials speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice denied the allegations in this Paragraph.

35.     The allegations in this Paragraph and associated footnote reference a report and an article from a website, the language of those materials speaks for itself. The allegations in this Paragraph also reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph further constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

36.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

13

Choice also specifically denies the allegations that pertain to "operating, controlling, and managing [Choice's] hotel properties." Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

37.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

38.     The allegations in this Paragraph and associated footnotes reference online resources and training from websites, the language of those materials speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

39.     The allegations in this Paragraph and associated footnote reference online training from a website, the language of that material speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. To the extent a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

40.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a

14

response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

41. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

42. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

43. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

### III.    Plaintiff's Allegations of Knowledge of Trafficking

44. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "Choice Hotel branded properties." Choice states that it did not own, manage, or operate the Sleep Inn®.

#### a.    Plaintiff's Allegations of Knowledge of Trafficking at Choice Branded Hotels

45. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "Choice hotels branded properties" and "branded hotels." Choice states that it did not own, manage, or operate the Sleep Inn®.

4932-1172-4685v1
2138837-000166 02/05/2026

46.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "Choice Hotels branded properties." Choice states that it did not own, manage, or operate the Sleep Inn®.

47.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

4932-1172-4685v1
2138837-000166 02/05/2026

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this

17

Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference an online news article, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

18

48.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "Choice Hotels branded hotels" and "[Choice's] hotels." Choice states that it did not own, manage, or operate the Sleep Inn®.

49.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "branded hotels." Choice states that it did not own, manage, or operate the Sleep Inn®.

50.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "Choice Hotels Branded properties." Choice states that it did not own, manage, or operate the Sleep Inn®.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this

19

Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

20

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this

21

Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

4932-1172-4685v1
2138837-000166 02/05/2026

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

51.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

23

Choice also specifically denies the allegations that pertain to "Choice Hotels branded hotels." Choice states that it did not own, manage, or operate the Sleep Inn®.

52.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "Choice Hotels branded hotels." Choice states that it did not own, manage, or operate the Sleep Inn®.

53.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied. Choice also specifically denies the allegations that pertain to "Choice Hotels branded hotels." Choice states that it did not own, manage, or operate the Sleep Inn®.

b.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

c.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore

24

no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

54.  The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

**b.  Plaintiff's Allegations of Actual and Constructive Knowledge of Trafficking at the Sleep Inn®**

55.  The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

56.  The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

57.  The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

Choice also specifically denies the allegations that "Choice Hotel Defendants manage and monitor" the Sleep Inn®. Choice states that it did not own, manage, or operate the Sleep Inn®.

- The allegations in this Subparagraph and associated footnote reference a review from a website, the language of that material speaks for itself.

58.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

59.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

60.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

61.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

62.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

63.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice, therefore no

response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice denied the allegations in this Paragraph.

64. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

b. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

c. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

d. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

e. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response

27

is required. To the extent a response is required, the allegations in this Subparagraph are denied.

65.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

b.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response

4932-1172-4685v1
2138837-000166 02/05/2026

is required. To the extent a response is required, the allegations in this Subparagraph are denied.

f.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph also constitute legal argument, therefore no response is required. To the extent a response is required, the allegations in this Subparagraph are denied.

66.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

67.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

### c.  Plaintiff's Allegations of "Red Flags" of Trafficking at the Sleep Inn®

68.    The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

69.    The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

29

70.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

71.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

72.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

73.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

74.     The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a

4932-1172-4685v1
2138837-000166 02/05/2026

response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

75. The allegations in this Paragraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

a. The allegations in this Subparagraph constitute argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

b. The allegations in this Subparagraph constitute argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

c. The allegations in this Subparagraph constitute argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no

31

response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

d. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

e. The allegations in this Subparagraph constitute argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

f. The allegations in this Subparagraph constitute argument, therefore no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

4932-1172-4685v1
2138837-000166 02/05/2026

76.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

77.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

78.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

79.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

4932-1172-4685v1
2138837-000166 02/05/2026

80.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

### IV.    Plaintiff's Allegations of Facilitating Trafficking at the Sleep Inn®

81.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

### a.    Plaintiff's Allegations of Franchisee's Facilitation of Trafficking

82.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied. Choice also specifically denies the allegations in this Paragraph pertaining to "Choice hotels branded locations." Choice states that it did not own, manage, or operate the Sleep Inn®.

83.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

34

84.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

85.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

a.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Subparagraph are not directed to Choice therefore no response is required. To the extent the allegations in this Subparagraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Subparagraph are denied.

b.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Subparagraph are not directed to Choice therefore no response is required. To the extent the allegations in this Subparagraph

35

are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Subparagraph are denied.

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Subparagraph are not directed to Choice therefore no response is required. To the extent the allegations in this Subparagraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Subparagraph are not directed to Choice therefore no response is required. To the extent the allegations in this Subparagraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Subparagraph are denied.

### b. Plaintiff's Allegations of Her Trafficking Related to Choice

86.  The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response

36

is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

b.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

f.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

37

g.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

h.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

i.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

j.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

k.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

l.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response

38

is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

87.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies that it "directly participated in and retained day-to-day control over renting rooms at the Subject Sleep Inn®." Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

a.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies that it "controlled" the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

b.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies that it "controlled and operated." the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

39

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies that it "maintained control" over the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies that it "controlled" the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies that it "controlled" the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

f.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies that it "controlled and oversaw" the Sleep

40

Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

g.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

h.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

i.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

88.   The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

89.   The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

90.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

91.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

b. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

c. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

d. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

42

e. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

f. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

g. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

h. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

i. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

j. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response

is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

92.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the characterization of "Choice Hotels branded properties" and the allegation that it "retained control" over the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

93.     The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegation that it "retained control" over the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

94.     The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegation that it "retained control" over the Sleep Inn®. Choice states that it did not own, manage, or operate the Sleep Inn®.

44

95.     The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegation that it "retained control" over the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

96.     The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegation that it "retained control" over the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

97.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegation that it "retained control" over the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

98.     The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

## V.    Plaintiff's Allegations Regarding Choice's Relationship with the Sleep Inn®

99.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

b.    The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

c.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies the allegation that it acted "jointly" with the Sleep Inn®. Choice states that it did not own, manage, or operate the Sleep Inn®.

d.    The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

46

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

f.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph. Choice also specifically denies the allegation that it acted "jointly" with the Sleep Inn®. Choice states that it did not own, manage or operate the Sleep Inn®.

g.  The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Subparagraph also constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in the Subparagraph.

100.  The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

a.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

b.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response

47

is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

d.  The allegations in this Subparagraph reference statutes and the language of those statutes speaks for itself. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

e.  The allegations in this Subparagraph reference statutes and the language of those statutes speaks for itself. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

f.  The allegations in this Subparagraph reference statutes and the language of those statutes speaks for itself. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

## VI.  Plaintiff's Allegations of an Agency Relationship Between Choice and the Sleep Inn® Staff

48

4932-1172-4685v1
2138837-000166 02/05/2026

101. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "actual agents or subagents." Choice states that it did not own, manage, or operate the Sleep Inn®.

102. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

103. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to "control." Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

   a. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Choice also specifically denies the allegations that pertain to "contro[l]." Choice states that it did not own, manage, or operate the Sleep Inn®.

   b. The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

49

c.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

d.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

104.   The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies the allegations that pertain to exercising "systemic and pervasive control." Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

a.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

b.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

50

c.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

d.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

e.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

f.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

g.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

h.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response

51

is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

i.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

j.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

k.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

l.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

m.   The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

4932-1172-4685v1
2138837-000166 02/05/2026

n.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

o.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

p.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

q.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

r.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

s.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this

4932-1172-4685v1
2138837-000166 02/05/2026

Subparagraph. Choice also specifically denies that allegations that pertain to governing "day-to-day operations" of the Sleep Inn®. Choice states that it did not own, manage, or operate the Sleep Inn®.

t.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

u.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph.

v.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Choice also specifically denies that allegations that pertain to "supervis[ing] and control[ling] day-to-day operations" of the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

w.  The allegations in this Subparagraph constitute argument, therefore no response is required. The allegations in this Subparagraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Subparagraph. Choice also specifically denies that allegations that pertain to governing

54

"day-to-day aspects" of the Sleep Inn®. Choice states that it did not own, manage, or operate the Sleep Inn®.

**VI.    Plaintiff's Allegations of an Agency Relationship Between Choice and the Sleep Inn® Staff**

105.    The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

106.    The allegations in this Paragraph reference statutes and the language of those statutes speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

**CAUSE OF ACTION – TRAFFICKING UNDER THE TVPRA**

107.    Choice incorporates its responses to all other allegations in the Complaint.

**I.    Count 1: Perpetrator liability under 18 U.S.C. §1595(a) based on violation of U.S.C. §1591(a) (Franchisee Defendant)**

108.    The allegations in this Paragraph are not directed to Choice, and no response is required. Further, the allegations in this Paragraph reference statutes and the language of those statutes speaks for itself. To the extent the allegations are directed to Choice, this Paragraph contains no factual allegations requiring admission or denial. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this paragraph are denied.

109.    The allegations in this Paragraph are not directed to Choice, and no response is required. Further, the allegations in this Paragraph reference a statute and the language of that

55

statute speaks for itself. To the extent the allegations are directed to Choice, this Paragraph contains no factual allegations requiring admission or denial. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this paragraph are denied.

    a.  The allegations in this Subparagraph are not directed to Choice, and no response is required. Further, the allegations in this Subparagraph reference a statute and the language of that statute speaks for itself. To the extent the allegations are directed to Choice, this Subparagraph contains no factual allegations requiring admission or denial. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this paragraph are denied.

    b.  The allegations in this Subparagraph are not directed to Choice, and no response is required. Further, the allegations in this Subparagraph reference a statute and the language of that statute speaks for itself. To the extent the allegations are directed to Choice, this Subparagraph contains no factual allegations requiring admission or denial. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this paragraph are denied.

110.    The allegations in this Paragraph are not directed to Choice, and no response is required. Further, the allegations in this Paragraph reference a statute and the language of that statute speaks for itself. To the extent the allegations are directed to Choice, this Paragraph contains no factual allegations requiring admission or denial. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this paragraph are denied.

    II.    **Count 2: Beneficiary Liability under §1595 (a) of the TVPRA (all Defendants)**

56

*Choice notes that this claim was dismissed with prejudice pursuant to the Court's order. See Doc. No. 85.*

111. The allegations in this Paragraph reference statutes and the language of those statutes speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

112. The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

113. The allegations in this Paragraph reference statutes and the language of those statutes speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

114. The allegations in this Paragraph reference a statute and the language of that statute speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

**III.    <u>Count 3: Vicarious Liability for TVPRA Violations (Franchisor Defendants)</u>**

57

115. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies that allegations that the Sleep Inn® "acted as the actual agent" of Choice. Choice states that it did not own, manage, or operate the Sleep Inn®.

116. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies that allegations that Choice "exercised or retained the right to exercise systematic and day-to-day control over the means and methods" used by the Sleep Inn®. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law. Choice states that it did not own, manage, or operate the Sleep Inn®.

117. The allegations in this Paragraph reference a statute and federal common law the language of the statute and law speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. Choice also specifically denies that allegations that pertain to "actual agents and [Choice's] subagents" Choice states that it did not own, manage, or operate the Sleep Inn®.

118. The allegations in this Paragraph reference a statute and federal common law, the language of the statute and law speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice

58

denies the allegations in this Paragraph. Choice also specifically denies that allegations that pertain to "actual agents and [Choice's] subagents" Choice states that it did not own, manage, or operate the Sleep Inn®.

119.    The allegations in this Paragraph reference statutes and the language of the statutes speaks for itself. The allegations in this Paragraph also constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

## TOLLING OF LIMITATIONS

120.    The allegations in this Paragraph constitute argument, therefore no response is required.  The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

121.    The allegations in this Paragraph constitute argument, therefore no response is required.  The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

122.    The allegations in this Paragraph constitute argument, therefore no response is required.  The allegations in this Paragraph further constitute legal argument, therefore no response

59

4932-1172-4685v1
2138837-000166 02/05/2026

is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

123.    The allegations in this Paragraph constitute argument, therefore no response is required.  The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

124.    The allegations in this Paragraph constitute argument, therefore no response is required.  The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

125.    The allegations in this Paragraph constitute argument, therefore no response is required.  The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

60

126. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

127. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

128. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument, therefore no response is required. Additionally, the allegations in this Paragraph are not directed to Choice therefore no response is required. To the extent the allegations in this Paragraph are directed to Choice and a response is required, Choice lacks knowledge or information sufficient to form a belief about the truth of the allegations. Accordingly, the allegations in this Paragraph are denied.

## DAMAGES

129. The allegations in this Paragraph constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

4932-1172-4685v1
2138837-000166 02/05/2026

130.    The allegations in this Paragraph  constitute argument, therefore no response is required. The allegations in this Paragraph further constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

131.    Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Paragraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

a. Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

b. Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

c. Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

d. Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

e. Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

4932-1172-4685v1
2138837-000166 02/05/2026

f.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

g.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

h.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

i.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

j.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

k.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

l.  Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Subparagraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

## **JURY TRIAL**

63

121.    The allegations in this Paragraph constitute legal argument to which no response is required. To the extent the allegations in this Paragraph are directed at Choice and a response is required, Choice admits Plaintiff requests a "jury trial on all issues."

## RELIEF SOUGHT

122.    Choice specifically denies that Plaintiff is entitled to any of the relief sought by Plaintiff against Choice in this Paragraph. Choice specifically denies that Plaintiff is entitled to any relief whatsoever from Choice.

## DEFENSES

Choice hereby reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation.

## FIRST DEFENSE

Louisiana Civil Code article 2323 applies in this case to limit or bar Plaintiffs' cause of action.

## SECOND DEFENSE

The total and/or comparative fault and/or gross negligence and/or intentional misconduct of Plaintiff acts as a complete or partial bar to her claims to the extent of and commensurate with the nature and scope of all such fault and neglect.

## THIRD DEFENSE

The Complaint, and the cause of action therein, fails to state a claim upon which relief can be granted. Choice filed a Motion to Dismiss the Complaint. (Doc. No. 57.) Choice recognizes that the Court entered an Order denying this Motion. (Doc. No. 77.) Nonetheless, Choice hereby incorporates, as if set forth fully herein, its Motion to Dismiss and its associated Memorandum

64

of Law In Support Of Its Motion to Dismiss to preserve each and every argument provided therein. By not addressing a specific argument previously contained in its Motion to Dismiss, Choice does not waive the same.

## FOURTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were the result of superseding and/or intervening acts of parties over whom Choice has no right of control.

## FIFTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Choice, including other parties in this case and/or third parties under the principles of equitable allocation, recoupment, set-off, collateral source, proportionate responsibility, contribution among tortfeasors, and/or comparative fault, as well as any defenses, terms, and/or provisions under Louisiana law or federal law.

## SIXTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part insofar as Plaintiff's injuries, if any, were the result of intentional acts attributable to third parties.

## SEVENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because, insofar as any of the alleged acts or omissions were committed by Choice's agents or employees, those agents or employees were not acting within the scope of the authority conferred or subsequently ratified by Choice.

65

**EIGHTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part because Choice's action or conduct was not the proximate cause of Plaintiff's alleged injuries.

**NINTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part insofar as reasonable steps were not taken to mitigate damages or if Plaintiff failed to mitigate her damages.

**TENTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part because of the applicable statutes of limitations and/or repose.

**ELEVENTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part by the doctrines of waiver and/or estoppel.

**TWELFTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

**THIRTEENTH DEFENSE**

Choice's investigation in this matter has just begun and it is possible that the Complaint, and each cause of action therein, is barred in whole or in part if Plaintiff was the sole legal cause of the injuries and damages alleged in the Complaint and, if so, Plaintiff is barred from recovery as a matter of law. Alternatively, it is possible that Plaintiff was comparatively negligent and, if

66

4932-1172-4685v1
2138837-000166 02/05/2026

so, any recovery in favor of Plaintiff must be reduced by the percentage of fault attributable to Plaintiff.

## FOURTEENTH DEFENSE

Choice's investigation in this matter has just begun and it is possible that the claims set forth in the Complaint are barred, in whole or in part, by the doctrines of assumption of risk and comparative negligence. Plaintiff's alleged injuries, harm, and/or damages may have been proximately caused or contributed to by Plaintiff's own conduct and/or the conduct of others not a party to this action.

## FIFTEENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because Choice had no prior or adequate notice of the condition complained of by Plaintiff and liability may not be imposed absent such notice.

## SIXTEENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because there is no causal connection between any alleged act, error, or omission by Choice and Plaintiff's alleged damages.

## SEVENTEENTH DEFENSE

Choice's investigation in this matter has just begun and it is possible that the Complaint, and the cause of action therein, is barred in whole or in part if Plaintiff willingly, knowingly, and voluntarily exposed herself to and assumed the risk.

## EIGHTEENTH DEFENSE

Plaintiff is barred from relief as sought in the Complaint because of the defense of accord and satisfaction.

67

## NINETEENTH DEFENSE

The doctrine of *in pari delicto* bars Plaintiff's claim.

## TWENTIETH DEFENSE

Plaintiff's claim is barred under the doctrine of laches.

## TWENTY-FIRST DEFENSE

Plaintiff lacks standing to bring her claims.

## TWENTY-SECOND DEFENSE

The unclean-hands doctrine bars Plaintiff's claims.

## TWENTY-THIRD DEFENSE

Plaintiff is seeking to recover damages that are completely speculative in nature and are wholly unsupported by admissible evidence or documentation.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim is barred by intervening and/or superseding proximate cause(s) of others for which Choice owes no legal responsibility.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent she seeks to recover any damages, restitution, costs, or other payments that have been reimbursed, paid, or borne by other persons or entities. Any verdict or judgment that might be recovered must be reduced by those amounts that already have been or will in the future, with reasonable certainty, be paid to Plaintiff by others.

## TWENTY-SIXTH DEFENSE

The Complaint, and the cause of action therein, fails to establish that punitive damages are authorized or warranted under Louisiana or federal law, or that Choice or any other defendant

4932-1172-4685v1
2138837-000166 02/05/2026

acted with intentional or requisite conduct sufficient to justify the imposition of punitive damages under Louisiana or federal law.

**TWENTY-SEVENTH DEFENSE**

Plaintiff cannot recover punitive damages under her claim because such claim is not viable as a matter of law and she cannot show the level of willfulness or malice required to recover such damages. Plaintiff has failed to sufficiently plead punitive damages in the Complaint. Plaintiff is not entitled to punitive damages. Further, any award of punitive damages against any Defendant would violate their due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the prohibition on excessive fines guaranteed by the Eighth Amendment to the United States Constitution, and by the Louisiana Constitution, and would be improper under the common law and public policies of the State of Louisiana.

Plaintiff's claims for punitive damages are also barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

Plaintiff's punitive damages claims are barred to the extent that they are based upon conduct occurring outside the State of Louisiana.

Plaintiff's punitive damages claims are barred by Louisiana law.

Plaintiff's claims for punitive damages are barred because an award of punitive damages in this case would be impermissible multiple punishment in violation of the due process and equal protection rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the comparable provisions of the Louisiana Constitution.

69

## TWENTY-EIGHTH DEFENSE

Plaintiff's request for joint and several liability is improper and joint and several liability is not appropriate or available in this case.

## TWENTY-NINTH DEFENSE

Plaintiff's statutory claims are barred because Choice did not have actual or constructive knowledge of any specific alleged trafficking involving Plaintiff as required under 18 U.S.C. § 1595. Plaintiff has not alleged facts showing that Choice knew or should have known of her alleged trafficking at the Sleep Inn®, and the evidence will show no such knowledge existed.

## THIRTIETH DEFENSE

Plaintiff's TVPRA claims are barred because Choice did not knowingly participate in any "venture," commercial or otherwise, that violated 18 U.S.C. § 1591. Plaintiff's allegations fail to establish that Choice took part in, supported, or associated in fact with any alleged criminal trafficking venture.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred because the Franchise Agreement places day-to-day control entirely with the alleged franchisee, Tinicum. The Franchise Agreement expressly disclaims any agency relationship and assigns operational, staffing, supervision, safety, and security responsibilities solely to the franchisee. Choice did not control or direct the hotel's operations and therefore cannot be liable on any vicarious-liability theory. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law.

4932-1172-4685v1
2138837-000166 02/05/2026

**THIRTY-SECOND DEFENSE**

Plaintiff's claims are barred because the alleged "commercial venture" fails as a matter of law; the TVPRA requires the venture itself to violate § 1591, and Plaintiff alleges at most ordinary commercial relationships such as franchising or sharing of royalties, which are insufficient.

**THIRTY-THIRD DEFENSE**

Plaintiff cannot establish the statutory requirement that Choice's conduct proximately caused her alleged trafficking or resulting harm. Plaintiff alleges no causal nexus between Choice's acts or omissions and any particular trafficking incident involving her.

**THIRTY-FOURTH DEFENSE**

Plaintiff's claims are barred because Choice owed no legal duty to prevent, investigate, or intervene in the independent alleged criminal acts of third parties over whom it had no control. Choice owed no independent legal duty to investigate, prevent, detect, or disrupt criminal trafficking by third parties, including franchisee guests or employees.

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims are barred to the extent they rely on conduct occurring outside Louisiana or outside the United States because the TVPRA does not apply extraterritorially absent explicit statutory authorization, and such application would violate due process.

**THIRTY-SIXTH DEFENSE**

Plaintiff's claims are barred to the extent they rely on generalized industry knowledge, anti-trafficking initiatives, or public studies rather than facts relating to Choice's actual knowledge or conduct with respect to Plaintiff or the Sleep Inn®.

71

4932-1172-4685v1
2138837-000166 02/05/2026

## THIRTY-SEVENTH DEFENSE

Plaintiff lacks standing to seek injunctive or equitable relief because she cannot show a real and immediate threat of future harm.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims barred in whole or in part because Plaintiff has not satisfied the pleading standards required under controlling federal law. Plaintiff has not alleged facts that, if accepted as true, would establish a plausible claim against Choice. Plaintiff relies on conclusory assertions, generalized allegations about the hotel industry, and speculative inferences that do not support a reasonable belief that Choice engaged in any conduct that could give rise to liability. The allegations do not meet the threshold necessary to state a claim that is facially plausible and therefore cannot support the relief sought by Plaintiff.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not satisfied certain statutory conditions or prerequisites necessary to obtain the relief sought. To the extent Plaintiff seeks forms of relief that require compliance with statutory requirements connected to restitution, criminal proceedings, or conditions specified under applicable federal law, Plaintiff has not alleged facts showing that those conditions have been met. Plaintiff therefore cannot recover any category of relief that requires satisfaction of statutory prerequisites or formal processes not fulfilled in this case.

## FORTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because certain theories and categories of alleged wrongdoing do not create a private right of action under the TVPRA or any other applicable federal or state law. To the extent Plaintiff seeks to impose liability based on alleged failures to

72

adopt policies, alleged failures to train, alleged failures to monitor, alleged failures to change franchise practices, or alleged violations of internal standards or industry guidelines, no such duties are recognized as an independent basis for civil liability. Any claim predicated on obligations not created by statute or common law cannot support recovery.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because the timeline alleged is inconsistent with Plaintiff's own whereabouts, legal status, or custodial status during the period in which she alleges she was trafficked at the Sleep Inn®. To the extent discovery establishes that Plaintiff was not present at the locations, at liberty, or otherwise able to engage in the conduct alleged during the dates she asserts, Plaintiff cannot establish the factual predicate for her claims.

## FORTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not established that she was present at the Subject Sleep Inn® during the period she alleges she was trafficked there. Discovery may show that Plaintiff was detained, subject to court-ordered restrictions, or otherwise not located at or near the property during the alleged timeframe. Plaintiff therefore cannot prove that any injury occurred at the Subject Sleep Inn® or that Choice had any connection to the alleged harm.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the conduct, injuries, or alleged trafficking activity occurred at locations unrelated to Choice or at properties not owned, operated, franchised, or controlled by Choice. Discovery may show that any alleged acts occurred at separate hotels or locations for which Choice bears no legal responsibility or to which has any

73

connection whatsoever. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law.

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and peremption and prescription. Plaintiff invokes a continuing tort theory, but the alleged conduct involves discrete criminal acts and identifiable incidents rather than a single continuous wrong. To the extent Plaintiff alleges conduct that predates the limitations period or relies on the continuing tort doctrine to revive untimely claims, those claims are barred. Plaintiff's claims are barred in whole or in part under 18 U.S.C. § 1595(c), and Plaintiff has failed to plead facts sufficient to support tolling, discovery rule application, or a continuing tort theory.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's allegations contain material inconsistencies regarding her whereabouts, activities, custodial status, and conduct during the time period she identifies. Discovery may show that Plaintiff made prior statements under oath or in court filings that contradict the allegations in this case. To the extent such inconsistencies undermine her ability to prove any essential element of her claims, Plaintiff cannot recover.

## FORTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because any recovery obtained by Plaintiff in this action must be reduced, offset, or barred to prevent double recovery. To the extent Plaintiff has recovered, is recovering, or seeks to recover damages in any other lawsuit, settlement, administrative proceeding, or claim arising from the same alleged trafficking events, including any claims asserted against technology companies, online platforms, or other parties alleged to have facilitated trafficking during the same period, any damages awarded in this case must be reduced

74

by those amounts. Choice is entitled to set-off, credit, contribution, or any other form of equitable or legal reduction permitted under federal or Louisiana law to avoid duplicate or overlapping recovery for the same injury. To the extent Plaintiff asserts or obtains recovery for damages arising out of alleged conduct by other parties or in other jurisdictions, including any claims involving alleged facilitation of trafficking by any other party or any other entity operating reservation systems, payment systems, advertising platforms, or technology services, Plaintiff may not obtain multiple recoveries for the same alleged harm. Any such recovery must reduce or bar any award in this action.

(A) Contribution and Comparative Fault Among All Tortfeasors

To the extent other alleged participants, including but not limited to online platforms, technology companies, and third-party facilitators, are responsible for Plaintiff's alleged injuries, Choice is entitled to contribution, apportionment, proportional fault allocation, or any other relief necessary to ensure Choice pays no more than its share, if any.

(B) Satisfaction and Release

If Plaintiff has executed any release, settlement agreement, or satisfaction related to the same harms, any such agreement reduces or bars recovery here as a matter of law.

(C) Election of Remedies

Plaintiff may not pursue inconsistent damages remedies across multiple suits for the same alleged conduct. Choice asserts the doctrine of election of remedies to bar duplicative relief.

(D) Collateral Source Rule Limitations

To the extent Plaintiff seeks damages paid or payable by third parties, including restitution payments, settlement proceeds, or other compensatory amounts arising from related litigation, any such amounts must be credited against any judgment.

4932-1172-4685v1
2138837-000166 02/05/2026

**FORTY-SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff cannot establish that any commercial sex activity occurring during the period alleged was caused by force, fraud, or coercion. To the extent Plaintiff engaged in commercial sex activity voluntarily, independently, or in connection with separate criminal activity or unrelated conduct, Plaintiff cannot satisfy the statutory elements required under the TVPRA.

**FORTY-EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff's own independent criminal acts, decisions, or voluntary conduct may have been a superseding cause of her alleged injuries. This defense is asserted without faulting Plaintiff for any victimization she may have suffered. To the extent the alleged harm resulted from Plaintiff's own choices, conduct, or independent criminal activity unrelated to any act or omission by Choice, Choice bears no liability.

**FORTY-NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel. To the extent Plaintiff made statements, admissions, or sworn representations in prior criminal proceedings that are inconsistent with the allegations made in this case, Plaintiff may not assert positions here that contradict representations previously accepted by a court. Any such inconsistencies bar recovery to the extent they affect essential elements of Plaintiff's claims.

**FIFTIETH DEFENSE**

Plaintiff's claims for damages are barred in whole or in part because Plaintiff seeks emotional distress damages for periods during which she was not at the Subject Sleep Inn® or during which events occurred at unrelated locations. Choice cannot be held liable for injuries,

76

4932-1172-4685v1
2138837-000166 02/05/2026

distress, or harm that occurred at other properties or during periods in which Choice had no relationship or connection to Plaintiff.

## FIFTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not established the existence of a venture that engaged in violations of 18 U.S.C. § 1591. Plaintiff alleges general commercial relationships, an ordinary Franchise Agreement, and brand-related activities that do not satisfy the statutory definition of a criminal trafficking venture. Without proof of a qualifying venture, Plaintiff cannot recover under the TVPRA.

## FIFTY-SECOND DEFENSE

The damages allegedly sustained by Plaintiff were not reasonably foreseeable to Choice.

## FIFTY-THIRD DEFENSE

Plaintiff's claims are barred by the express terms of the Franchise Agreement, which allocate day to day control, staffing, security, and operations exclusively to the franchisee.

## FIFTY-FOURTH DEFENSE

Choice reserves the right to seek judgment on the pleadings.

WHEREFORE, Choice denies each and every allegation in the Complaint, whether express or implied, that Choice has not expressly and unequivocally admitted in this Answer. Having answered Plaintiff's Complaint fully, Choice prays that Choice be discharged from this action and that the Court award Choice with reasonable expenses and costs and such further relief as the Court may deem appropriate.

Respectfully submitted this 5th day of February 2026.

4932-1172-4685v1
2138837-000166 02/05/2026

**BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PLLC**

Sara M. Turner (admitted *pro hac vice*)
1901 6th Avenue North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Email: smturner@bakerdonelson.com

*/s/ Emily Olivier Kesler*
Emily Olivier Kesler (#37747)
201 St. Charles Avenue, Ste. 3600
New Orleans, Louisiana 70170
Tel: (504) 566-5200
Email: ekesler@bakerdonelson.com

*Counsel for Defendants Choice Hotels International, Inc. and Choice Hotels Services Corp.*

78